**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV24-02-MU
(3:00CR222-01-MU)**

| | |
|---|---|
| **TIMOTHY JEROME NIXON,**     )<br>    Petitioner,         )<br>                          )<br>     v.                   )<br>                          )<br>**UNITED STATES OF AMERICA,**  )<br>    Respondent.          )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on the petitioner's second "Motion Under 28 USC Section 2255 To Vacate, Set Aside, Or Correct Sentence," filed January 17, 2006. However, for the reasons stated herein, the instant Motion shall be <u>dismissed</u> due to the Court's lack of authority to entertain the claim set forth therein.

According to the record of the petitioner's underlying criminal case, on November 7, 2000, he was named in a ten-count Bill of Indictment, but on the following day a Superceding 10-count Bill of Indictment was filed, charging the petitioner with numerous drug and gun offenses.

On February 1, 2001, the parties filed a written Plea Agreement. Under that Agreement, the petitioner agreed to plead guilty to the charges of conspiracy to possess with intent to distribute cocaine base and cocaine, using and carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm by a convicted felon (Counts 1, 8 and 9). In

accordance with the provisions of that Agreement, on February 15, 2001, the petitioner appeared before the Court and tendered his guilty pleas. After engaging the petitioner in its standard Plea & Rule 11 colloquy, the Court was satisfied that the petitioner's pleas were knowingly and voluntarily tendered, and so the Court accepted the petitioner's pleas.

Next, on September 23, 2002, the petitioner appeared before the Court for his Factual Basis & Sentencing Hearing. On that occasion, the Court granted the government's "Motion For A Downward Departure" which was based upon the petitioner substantial assistance. The Court then sentenced the petitioner to 180 months imprisonment on Count one, to 120 months imprisonment on Count 9, and to a consecutive term of 60 months imprisonment on Count 8.

The petitioner timely gave his notice of appeal, and his appeal was docketed with the Fourth Circuit Court of appeals. However, on December 2, 2002, the petitioner withdrew such notice. Accordingly, on February 19, 2003, the Court of Appeals dismissed the petitioner's appeal.

Next, on September 17, 2003, the petitioner filed his first Motion to Vacate under 28 U.S.C. §2255 (see Nixon v. United States, 3:03CV451-1-MU). In that Motion, the petitioner alleged that he had been subjected to ineffective assistance of counsel; that his conspiracy conviction was unlawful; and that his

sentence was in excess of the maximum term which could have been imposed under the U.S. Sentencing Guidelines. However, on August 18, 2004, the Court denied the petitioner's Motion for its lack of merit.

The petitioner did not appeal that decision. Rather, after waiting more than 16 months, the petitioner now has returned to this Court with his second Motion to Vacate. This time around, the petitioner appears to be challenging his sentences under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and its progeny. That is, in this new Motion, the petitioner states that "the Court violated [his] Sixth Amendment right by the imposition of an enhanced sentence by using a mandatory guideline system, which was based on the judge's determination and not the jury or admitted by the petitioner." Notwithstanding his apparent belief to the contrary, however, the instant Motion must be summarily <u>dismissed</u>.

Indeed, as was indicated above, this is the petitioner's second Motion to Vacate, challenging his 2002 sentences. There-fore, even assuming that such Motion was timely filed--a fact which is far from established on this record, the petitioner cannot bring this second Motion to Vacate until he has obtained authorization to do so from the Fourth Circuit Court of Appeals. <u>See</u> 28 U.S.C. §2244(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the

3

district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application.").

A review of the records in this Court and in the Fourth Circuit Court of Appeals reflects that no such authorization was granted to, or even sought by, the petitioner. In fact, the petitioner's Motion to Vacate does not even hint that he sought the required authorization before attempting to proceed with this Motion. Consequently, this Court does not have the authority to entertain the petitioner's Motion.

In sum, the Antiterrorism and Effective Death Penalty Act of 1996 requires, among other things, that petitioners who seek review of second or successive motions to vacate first obtain pre-filing authorization for such motions from the appropriate court of appeals. In the case at bar, the petitioner has failed to obtain such authorization from the Fourth Circuit in order to allow this Court to entertain this second Motion to Vacate. Therefore, the instant Motion to Vacate must be summarily dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DISMISSED**.

**SO ORDERED.**

**Signed: January 20, 2006**

Graham C. Mullen
Chief United States District Judge